21-3077-cr
*United States v. Brack*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                          21-3077-cr

ELGIN BRACK,

> *Defendant-Appellant*,

SCOTT BRACK,

> *Defendant*.

---

For Appellee:               JONATHAN SIEGEL, Assistant United States Attorney (Kevin Trowel, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:     MURRAY E. SINGER, Port Washington, NY.

Appeal from a judgment of the U.S. District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for resentencing consistent with this order.

Defendant-Appellant Elgin Brack ("Brack") appeals from a December 6, 2021, judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*), convicting him, following a jury trial, of one count of Hobbs Act robbery conspiracy (Count One), one count of attempted Hobbs Act robbery (Count Two), and three counts of Hobbs Act robbery (Counts Four, Six, and Eight), in violation of 18 U.S.C. § 1951(a) and, in addition, one count of possessing, brandishing, and discharging a firearm in connection with the attempted Hobbs Act robbery (Count Three), and three counts of possessing and brandishing a firearm in connection with each of the completed Hobbs Act robberies (Counts Five, Seven, and Nine), in violation of 18 U.S.C. § 924(c)(1)(A). [1]   Brack was sentenced principally to concurrent terms of 144 months' imprisonment on Counts One, Two, Four, Six, and Eight; a term of 120 months' imprisonment on Count Three that would run consecutively to all other terms; and terms of 84 months' imprisonment on Counts Five, Seven, and Nine that would each run consecutively to all other terms; for a total term of 43 years' imprisonment.

Before trial, Brack unsuccessfully moved to suppress evidence recovered from the vehicle used in the robberies, including the contents of his backpack, on Fourth Amendment grounds.   At trial, he sought to introduce video evidence that the district court excluded under Federal Rule of

---

[1]  Brack's relative, Defendant Scott Brack, also faced charges and pleaded guilty to one count of Hobbs Act robbery on November 26, 2019.

Evidence 403. Finally, post-trial, Brack moved for a new trial on the grounds that the district court should have suppressed the evidence recovered from the vehicle and admitted the video evidence. The district denied this motion. Brack now challenges each of these decisions. In addition, he argues (and the government concedes), that his conviction on Count Three must be vacated in light of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

On appeal from a motion to suppress, we review the district court's conclusions of law *de novo* and its conclusions of fact for clear error. *United States v. McKenzie*, 13 F.4th 223, 231 (2d Cir. 2021). On appeal from a district court's denial of a motion for a new trial, we review for abuse of discretion. *United States v. Vinas*, 910 F.3d 52, 58 (2d Cir. 2018).

## I. Suppression of Physical Evidence

Brack first challenges the district court's denial of his motion to suppress, contending that the district court erred in concluding: (1) that probable cause supported his arrest; (2) that the driver of the vehicle from which Brack's backpack was recovered gave effective consent to search the vehicle and the backpack; and (3) that the contents of the backpack were lawfully discovered during an inventory search. For the following reasons, we discern no error in the denial of the motion to suppress.

First, even assuming *arguendo* that the backpack's contents were the fruits of Brack's arrest, there is no merit to his contention that his warrantless arrest was without probable cause. "An officer has probable cause to arrest where he is in possession of reasonably trustworthy information concerning facts and circumstances sufficient to warrant a person of reasonable

3

caution in the belief that the person to be arrested has committed or is committing a crime." *United States v. Pabon*, 871 F.3d 164, 174 (2d Cir. 2017) (internal quotation marks, alteration, and citation omitted). At the suppression hearing, retired New York City Police Department ("NYPD") Lieutenant Keith Smith ("Lieutenant Smith") testified that, from scrutinizing surveillance videos of the robberies, he recognized the vehicle in which Brack was riding as the one used in the robberies, and that he recognized Brack as the perpetrator "right away," notwithstanding that Brack was wearing different clothing than he did in the videos or that Brack's face was partially obscured in the videos. A-264 to -267; A-411 to -413. The district court found this testimony credible, *see* A-418 to -419, and on appeal, we "pay special deference to the district court's factual determinations going to witness credibility."[2] *United States v. Jiau*, 734 F.3d 147, 151 (2d Cir. 2013). Thus, crediting Lieutenant Smith's testimony, the district court properly concluded that Brack's arrest was supported by probable cause.

Brack next argues that the district court erred in finding that the inventory search of the vehicle was conducted pursuant to a policy and permissible under the Fourth Amendment. We disagree. Under the inventory search exception to the Fourth Amendment's warrant and probable cause requirements, "law enforcement officers taking a vehicle into custody after an arrest may search it and inventory its contents without need for a search warrant and without regard to whether there is probable cause to suspect that the vehicle contains contraband or evidence of criminal

---

[2] Brack argues, in essence, that Lieutenant Smith's testimony should have been discredited on the ground that no evidence was introduced at the suppression hearing to corroborate the proposition that Lieutenant Smith recognized Brack at the scene. But this is no basis on which to reject a district court's credibility determination. *See United States v. Norman*, 776 F.3d 67, 79 (2d Cir. 2015) ("[T]here is no requirement that a [witness's] sworn testimony be corroborated before it can be credited. Any lack of a corroboration for a witness's testimony—unless it is incredible on its face—goes merely to the weight of the evidence; the weight it is to be accorded is a matter for argument to the factfinder, not a ground for reversal on appeal.").

conduct." *United States v. Babilonia*, 854 F.3d 163, 178 (2d Cir. 2017) (internal quotation marks and citations omitted); *see also United States v. Mendez*, 315 F.3d 132, 137 (2d Cir. 2002) ("[L]aw enforcement officials may open closed containers as part of an inventory search . . . ." (internal quotation marks and citation omitted)). However, "[b]ecause of the danger to privacy interests posed by allowing police officers to conduct warrantless searches, the Supreme Court has required that inventory searches be performed according to standardized criteria or established routine." *United States v. Williams*, 930 F.3d 44, 54 (2d Cir. 2019) (internal quotation marks and citations omitted). Here, the government established the existence of such a routine. The investigation of the robberies was conducted by Strategic Pattern Armed Robbery Technical Apprehension ("SPARTA"), a joint robbery task force between the NYPD and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). A-250. At the suppression hearing, Lieutenant Smith testified that both ATF and the NYPD have policies requiring inventories, and that SPARTA's regular practice is to inventory cars taken into custody. *See* A-268 to -269. Furthermore, to its memorandum in opposition to the motion to suppress, the government attached ATF's written policy setting forth its standardized procedure for inventory searches. *See* D. Ct. Dkt. No. 103, exh. E. Although the written policy was not introduced into evidence, the district court was permitted to consider it on the motion to suppress. *See United States v. Ocampo*, 650 F.2d 421, 427 (2d Cir. 1981) ("[A] court, in conducting a hearing to determine the legality of a warrantless search or seizure, is not bound by strict rules of evidence . . . ." (citing *United States v. Matlock*, 415 U.S. 164, 172–74 (1974))).

Thus, the written policy, coupled with the officer testimony, provided the district court with an ample basis to conclude that "standardized criteria or established routine" supported the inventory search conducted here. *Mendez*, 315 F.3d at 137 (internal quotation marks, alteration,

5

and citation omitted); *see also id.* ("The existence of such a valid procedure may be proven by reference to either written rules and regulations or testimony regarding standard practices." (internal quotation marks and citations omitted)).   Accordingly, the district court did not err in determining (1) that the inventory search of the vehicle was undertaken pursuant to a policy, and (2) that this search, and the further search of the backpack, as a closed container inside the vehicle, were valid.[3]

## II.   Exclusion of Video Evidence at Trial

Next, Brack challenges the district court's denial of his motion for a new trial, arguing that the exclusion of the video evidence he sought to introduce infringed on his constitutional rights to due process and to present a defense.   The video evidence depicted Brack signing a document with his left hand in the presence of an ATF agent, whereas the surveillance videos of the robberies showed the perpetrator wielding the firearm in his right hand.   Brack contends that the video evidence would have been the most effective way of demonstrating to the jury that Brack could not have been the perpetrator of the robberies.

We discern no error in the district court's exclusion of the video evidence.   Federal Rule of Evidence 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues . . . or needlessly presenting cumulative evidence."   Fed. R. Evid. 403.   Here, the jury heard uncontested testimony from the ATF agent that Brack signed the document with his left hand.   *See* A-1130.   Moreover, Brack

---

[3] In light of this determination, we need not address Brack's challenge to the district court's additional determination that officers reasonably relied on the voluntary consent of the vehicle's driver to search the vehicle and the backpack.   Even assuming *arguendo* that the officers did not act on the basis of valid consent, the district court's factual findings as to the inventory search provide a wholly sufficient independent basis to uphold the search.   *See Mendez*, 315 F.3d at 138.

6

himself testified, without challenge, that he was left-handed.   *See* A-1517.   Meanwhile, as discussed at argument, the video depicted Brack in handcuffs while signing the document before several law enforcement agents, a scene which may have led the jury to ask questions unrelated to the purpose for which the video was introduced.   *See* A-994 to -995.   Thus, because the video was cumulative of undisputed testimony and potentially confusing to the jury, the district court did not abuse its discretion in excluding it under Rule 403.   *See also United States v. Szur*, 289 F.3d 200, 217 (2d Cir. 2002) ("[A criminal defendant's fundamental right to present a defense] must be balanced against a court's leave to set reasonable limits on the admission of evidence.   Thus, even where the exclusion of evidence affects the defense case, we afford judges broad latitude in excluding evidence . . . ." (internal quotation marks, alteration, and citations omitted)).

### III.   Conviction on Count Three

Finally, both Brack and the government concur that Brack's conviction on Count Three must be vacated.   We agree.   Count Three charged Brack with a violation of 18 U.S.C. § 924(c)(1)(A), for possessing, brandishing, and discharging a firearm in connection with a crime of violence, wherein that "crime of violence" was an attempted Hobbs Act robbery.   The Supreme Court has since held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).   *See Taylor*, 142 S. Ct. at 2018–21.   Accordingly, we vacate Brack's conviction as to Count Three and remand to the district court for resentencing on all remaining counts of conviction.

\*       \*       \*

We have considered Brack's remaining arguments in both his counseled and pro se submission and find them to be without merit.   Accordingly, we **VACATE** the conviction as to

Count Three, **AFFIRM** the district court's judgment as to all other counts, and **REMAND** to the district court for resentencing consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk